# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BEN R. BLANTON CONSTRUCTION, INC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:20-cv-01141-SRC |
| vs. | ) ) ) | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., | ) ) | |
| Defendant. | | |

## **Memorandum and Order**

This matter comes before the Court on [1] Travelers Property Casualty Company of America's Motion to Withdraw the Order of Reference. The Court denies the motion without prejudice.

**I.    Background**

In July 2020, Ben R. Blanton Construction, Inc., filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri. *In re Ben R. Blanton Construction Inc.*, No. 20-43555, Doc. 1 (Bankr. E.D. Mo.). In August 2020, Blanton Construction removed a pre-petition state-court lawsuit, captioned as *Ben F. Blanton Construction, Inc. vs. Travelers Property Casualty Company of America, et al.*, Case No. 17SL-CC01394, filed in the Circuit Court of St. Louis County, to the United States Bankruptcy Court for the Eastern District of Missouri. *In re Ben R. Blanton Construction Inc.*, No. 20-04056, Doc. 3 (Bankr. E.D. Mo.). The removed lawsuit alleges state law claims for breach of contract and vexatious refusal to pay against Defendant Travelers Property Casualty Company of America. Doc. 1. at p. 2.

Later in August 2020, Travelers filed a motion to withdraw the reference of the removed pre-petition lawsuit from the bankruptcy court. Doc. 1 at p. 1. Ben Blanton did not oppose the motion to withdraw the reference, but did file a demand for a jury trial. Doc. 4. While the present motion was pending before this Court, the bankruptcy court entered a pretrial scheduling order, *In re Ben R. Blanton Construction Inc.*, No. 20-04056, Doc. 22 (Bankr. E.D. Mo.), which it later amended. *Id*. at Docs. 30, 32. Under the pretrial scheduling order, discovery closes on August 2, 2021 and trial may be set no earlier than December 1, 2021. *Id*. at Doc. 32 at p. 2.

**II.     Discussion**

This Court's authority to withdraw the reference of a matter to the bankruptcy court stems from 28 U.S.C. § 157(d), which provides:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

When a case is referred to a bankruptcy judge, that judge's authority depends on whether the matter is classified as a "core" or "non-core" proceeding. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015). Bankruptcy courts have statutory authority to "'hear and determine' core proceedings and to 'enter appropriate orders and judgments' . . . ." *Id*. at 670–671 (quoting 28 U.S.C. § 157(b)(1)). But if the matter is classified as a non-core proceeding, then the court "may only 'submit proposed findings of fact and conclusions of law,' which the district court reviews de novo." *Id*. at 671 (quoting 28 U.S.C. § 157(c)(1)); *see also Cutcliff v. Reuter*, 791 F.3d 875, 881 (8th Cir. 2015) ("[A]ny final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

(quoting 28 U.S.C.A. § 157(c)(1))). However, bankruptcy courts may enter orders and judgments in non-core proceedings if all the parties consent. *Id*. (citing 28 U.S.C. § 157(c)(2)).

This case involves state law breach of contract and vexatious-refusal-to-pay claims, which constitute non-core proceedings. *See Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773–74 (8th Cir. 1995) ("Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." (citation omitted)); *see also*, *Diocese of Duluth v. Liberty Mut. Grp., Inc.,* No. 17-CV-549 (DWF/LIB), 2017 WL 9274925 (D. Minn. May 17, 2017) ("[C]ontract claims grounded in state law do not arise only in bankruptcy proceedings, and they do not involve rights created by federal bankruptcy law."). Additionally, Travelers has explicitly refused to consent to allowing the bankruptcy court to enter a final judgment on these claims, Doc. 1 at p. 3, and both parties have demanded trial by jury. Doc. 1-3; Doc. 4. Therefore, the referral of this case must eventually be withdrawn because only the district court has authority to issue a final judgment on these claims. *See Sharif*, 575 U.S. at 671 (citing 28 U.S.C. § 157(c)(1)-(2)).

However, even when the case must eventually be transferred to the district court, courts have concluded that the withdrawal need not be immediate and instruct parties to "renew their motion . . . when the case is ready for trial." *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 863, 867 (D. Minn. 2011) ( Nelson, U.S.D.J.); *see also*, *Myers v. Niroomand-Rad*, No. 8:16-cv-552, 2017 WL 244789, at *3 (D. Neb. Jan. 20, 2017) ("But a jury demand does not require the immediate withdrawal of a reference to the bankruptcy court. . . . Even in cases in which a bankruptcy court is not authorized to conduct a jury trial, a district court may decide to delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial

conferences, and other matters short of the jury selection and trial." (citation and internal quotation marks omitted)); *Wittes v. Interco Inc.*, 137 B.R. 328, 329 n.2 (E.D. Mo. 1992) ("[P]ursuant to 28 U.S.C. § 157(c)(1), the potential requirement of a jury trial does not require withdrawal. The bankruptcy court may oversee pretrial matters and make proposed rulings on dispositive motions." (internal citations omitted)). This case is not yet ready for trial because, as Travelers admits, "there is additional pretrial work to be done" and "additional dispositive motions" it intends to file. Doc. 1 at p. 9. Additionally, the recent scheduling order indicates that the parties are currently engaged in discovery, *In re Ben R. Blanton Construction Inc.*, No. 20-43555, Doc. 32 (Bankr. E.D. Mo.), and thus not ready for trial.

Because the Court need not immediately withdraw this matter, the question becomes whether it should. Courts making this determination look to several factors, including efficient use of judicial resources, uniformity of bankruptcy administration, prevention of forum shopping, and delay and costs to the parties. *See Myers*, 2017 WL 244789, at *2.

Courts have repeatedly found that keeping the case with the bankruptcy judge for pretrial matters promotes judicial efficiency. *See e.g*, *Myers*, 2017 WL 244789, at *3 ("[E]ven if the bankruptcy court [is] not able to enter a final judgment in this case, judicial efficiency is likely promoted—not undermined—by allowing the bankruptcy court to proceed with the process of submitting proposed findings of fact and conclusions of law." (quoting *Kelley v. Opportunity Fin., LLC*, No. CIV. 14-3375 MJD, 2015 WL 321536, at *5 (D. Minn. Jan. 26, 2015))); *Diocese of Duluth*, 2017 WL 9274925, at *9–10 (finding that permitting a bankruptcy judge to issue recommendations on issues involving insurance coverage and contract law did not impair judicial efficiency); *Stanton v. Certain Underwriters at Lloyd's of London*, No. 11-1104-CV-W-ODS, 2012 WL 10890, at *1 (W.D. Mo. Jan. 3, 2012) (finding that keeping the case with the

bankruptcy court for pretrial matters better served judicial economy "because the bankruptcy court is more familiar with the trustee's and the debtor's situations, and is cognizant of the impact this case will have on the bankruptcy proceedings."). Accordingly, this factor weighs strongly against withdrawing the reference at this time.

Turning to the next factor, even though this case constitutes a non-core proceeding, "that does not mean it will not impact the bankruptcy estate." *Stanton*, 2012 WL 10890, at *1 n.2 (citing *In re Farmland Industries, Inc.,* 567 F.3d 1010, 1019–20 (8th Cir.2009)). Additionally, this case has proceeded through pretrial discovery in the bankruptcy court for eight months and is in the final stages of discovery, with a dispositive-motion schedule to which the parties seemingly agree. And during proceedings in the bankruptcy court, neither the parties nor the bankruptcy court has given any indication that the handling of the pretrial matters in this case has negatively impacted the uniformity of the bankruptcy administration, or, conversely, that handling those matters in the district court would somehow promote uniformity. The Court accordingly does not place much emphasis on this factor.

With respect to preventing forum shopping, Travelers claims that any concerns of forum shopping do not exist here because its "purpose in seeking withdrawal of the reference is to move this case to trial in an expeditious manner." Doc. 1 at p. 10. While the Court recognizes that Travelers made this argument before discovery began in this case, its argument boils down to claiming that the district court would manage this case's pretrial matters better than the bankruptcy court. But, as illustrated by this very case, bankruptcy courts have the capacity to efficiently manage pretrial matters in non-core proceedings. As such, seeking withdrawal to avoid the bankruptcy court from undertaking a task it can capably perform based on efficiency

alone "is not an appropriate reason to withdraw the reference." *Stanton*, 2012 WL 10890, at *2. Accordingly, this factor weighs against withdrawal of the reference at this time.

Lastly, courts do not appear to explicitly address the costs-and-delay factor. Nonetheless, with this matter currently proceeding on pretrial matters in front the bankruptcy court on a set schedule, withdrawal at this time would disrupt the ongoing discovery and could require duplication of efforts already undertaken in the bankruptcy court, thereby imposing more costs on the parties. The imposition of additional costs would be a matter of particular concern to the bankruptcy court given the seemingly limited assets of the debtor, Blanton Construction. Accordingly, this factor weighs against withdrawal of the reference at this time.

Overall, the factors weigh in favor of denying the motion without prejudice at this time. The case can proceed for pretrial matters in front of the bankruptcy court and Travelers may "renew [its] motion . . . when the case is ready for trial." *Kelley*, 464 B.R. at 867; *see also In re George T. Moran, Inc.*, No. ADV 10-00296-RAG, 2012 WL 782533, at *2 (D. Md. Mar. 8, 2012) ("The Court will deny the motion to withdraw the reference, without prejudice to Egan's renewal of the motion should the adversary action ever proceed to the point where a trial would be required."). Accordingly, the Court denies Travelers [1] motion to withdraw the order of reference without prejudice. The Court will address a trial date and related scheduling matters when the case becomes ready for trial.

So Ordered this 12th day of July 2021.

_SL R. CR_

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**